UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff § <br> v. § <br> § <br> 3819 EAST STEVENSON AVENUE, § <br> ALTON, TEXAS 78573; § <br> § <br> 5710 NORTH BENTSEN PALM ROAD, § <br> MISSION, TEXAS 78574; § <br> § <br> NORTH BENTSEN PALM ROAD LOT 197, § <br> MISSION, TEXAS 78574; § <br> § <br> NORTH BENTSEN PALM ROAD, LOT 199, § <br> MISSION, TEXAS 78574; § <br> § <br> APPROXIMATELY $54,010 IN UNITED § <br> STATES CURRENCY; § <br> § <br> A 2012 MINI COOPER WAGON § <br> COUNTRYMAN; § <br> § <br> A 2015 VOLKSWAGEN BEETLE COUPE; § <br> § <br> A 2000 PETERBILT 387 TRACTOR; § <br> § <br> SEVEN PIECES OF JEWELRY; and § <br> § <br> THIRTY-TWO DESIGNER PURSES AND § <br> ACCESSORIES § <br> Defendants. § | CIVIL ACTION NO. _____ |

**<u>VERIFIED COMPLAINT FOR FORFEITURE IN REM</u>**

Comes now Petitioner United States of America, by and through the Acting United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney,

1

pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

## *Nature of the Action*

1. This is a civil action to forfeit *in rem* property and condemn to the use and benefit of the United States the following real property:

    a. 3819 East Stevenson Avenue, Alton, Texas 78573, legally described as:

        i. *Lot 43, Tuscany Village Subdivision Unit 1, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 50, Page 116, Map Records of Hidalgo County, Texas.*

    b. 5710 North Bentsen Palm Road, Mission, Texas 78574, legally described as:

        i. *A 2.500 Acre Tract of Land Lying in Portion 50, Jose Antonio Zamora Survey, Abstract 79, Hidalgo County, Texas, being a portion of Lot 199, Bentsen Groves Subdivision, as per map or plat thereof recorded in Volume 7, Page 13, Map Records of Hidalgo County, Texas, same being all of the 2 ½ acre "Tract No. 2" as described in Volume 1405, Page 715, Deed Records of Hidalgo County, Texas.*

    c. North Bentsen Palm Road Lot 197, Mission, Texas 78574, legally described as:

        i. *Lot One Hundred Ninety-Seven (197), Bentsen Groves Subdivision, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 7, Page 13, Map Records of Hidalgo County, Texas*

    d. North Bentsen Palm Road, Lot 199, Mission, Texas 78574, legally described as:

        i. *The South ½ of Lot One Hundred Ninety-Nine (199), Bentsen Groves Subdivision, Hidalgo County, Texas, according to the map or plat*

*thereof recorded in Volume 7, Page 13, Map Records of Hidalgo County, Texas.*

2. This is a civil action to forfeit *in rem* and condemn to the use and benefit of the United States the following personal property:

   a. <u>Currency</u>:
      i. $5,710.00 in U.S. Currency;
      ii. $7,500.00 in U.S. Currency; and
      iii. $40,800.00 in U.S. Currency.

   b. <u>Vehicles</u>:
      i. A 2012 Mini Cooper Wagon Countryman (VIN: WMWZC3C56CWL87305);
      ii. A 2015 Volkswagen Beetle Coupe (VIN: 3VWF17AT1FM616883); and
      iii. A 2000 Peterbilt 387 Tractor (VIN: 1XP7DU9X6YD529580).

   c. <u>Jewelry</u>:
      i. A Ladies 14K White Gold Ring, 1 Round Cut Diamond 3.45 Carats, and 95 Round Diamonds 1.90 Carats;
      ii. A Ladies Princess Cut Diamond 1.50 Carats and 31 Round Cut Diamonds .25 Carats;
      iii. A 26MM 18K Yellow Gold Rolex Datejust Watch with President Bracelet with 42 Round Diamonds Non-Rolex;
      iv. A 36MM Stainless Steel and 18K Yellow gold Cartier Ballon Watch;
      v. A Santos de Cartier Stainless Steel and 18K Yellow Gold Watch;

  vi. A 26MM Stainless Steel and 18K Yellow Gold Rolex Datejust Watch and 36 Round Cut Diamonds; and

  vii. A 26MM Stainless Steel and 18K Yellow Gold Rolex Datejust Watch and 32 Round Cut Diamonds.

 d. <u>Designer Purses and Accessories:</u>

  i. A Louis Vuitton Travel Suitcase;

  ii. A Red Chanel Purse;

  iii. A Burberry Purse;

  iv. A Celine Purse;

  v. A Prada Purse;

  vi. A Louis Vuitton Purse;

  vii. A Chanel Gold Purse;

  viii. A Chanel Black Purse;

  ix. A Carolina Herrera Pink Purse;

  x. A Louis Vuitton Monogram Menilmontant;

  xi. A Louis Vuitton Alma Purse;

  xii. A Burberry Purse;

  xiii. A Louis Vuitton Turenne Purse;

  xiv. A Louis Vuitton Red Alma Purse;

  xv. A Louis Vuitton Artsy Purse;

  xvi. A Celine Micro Luggage Black Purse;

  xvii. A Hermes Birkin Yellow Purse;

  xviii. A Louis Vuitton Gold Purse;

  xix. A Louis Vuitton Chain Black Purse;

    xx. A Louis Vuitton Favorite Purse;

    xxi. A Carolina Herrera Gold Purse;

    xxii. A Hermes Birkin Red Purse;

    xxiii. A Hermes Long Leather Red Wallet;

    xxiv. A Louis Vuitton Galliera Purse;

    xxv. A Gucci Leather Belt with Double G Buckle;

    xxvi. A Louis Vuitton District MM Bag

    xxvii. A Louis Vuitton Red Zippy Wallet;

    xxviii. A Louis Vuitton Red Montaigne Handbag;

    xxix. A Prada Fuoco Vitello Daino Leather Front Pocket Convertible Soft Tote Bag;

    xxx. A Carolina Herrera Handbag;

    xxxi. A Patricia Nash Weekender Handbag; and

    xxxii. A Burberry House Handbag.

3. Altogether, the real and personal properties listed in Paragraphs 1-2 are referred to as the "Defendant Properties."

### *Jurisdiction and Venue*

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345, 1355, 1356.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

6. The Defendant Property is in possession of the United States Marshals Service in the Southern District of Texas. The Defendant Property will remain within the jurisdiction of the court pending litigation of this case.

## *Statutory Basis for Forfeiture*

### 21 U.S.C. § 881(a)(6)

7. 21 U.S.C. § 881(a)(6) mandates the forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

### 21 U.S.C. § 881(a)(4)

8. 21 U.S.C. 881(a)(4) mandates the forfeiture of all conveyances, including vehicles, which are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property listed in 21 U.S.C. § 881(a)(1), (2), or (9).

### 18 U.S.C. § 981(a)(1)(A)

9. 18 U.S.C. § 981(a)(1)(A) mandates that any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property, is subject to forfeiture to the United States.

### 18 U.S.C. § 981(a)(1)(C)

10. 18 U.S.C. § 981(a)(1)(C) mandates the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). This includes racketeering activity listed in 18 U.S.C. §1961(1)(D) as the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical as defined in section 102 of the Controlled Substances Act punishable under any law of the United States.

*Factual Basis*

11.     In 2016, a federal grand jury in the Southern District of Texas returned a true bill indictment charging Javier Garcia ("Garcia"), also known as "Javi," "Javier Arturo Garcia Jr.," and "Chaparro," with seven total felony counts.[1] These charges include violations of the Controlled Substances Act and the laundering of monetary instruments.[2] The same grand jury returned as a true bill multiple notices of forfeiture.[3] Because Garcia absconded from the Rio Grande Valley and has not yet been apprehended, the United States moves forward with this civil forfeiture complaint.

12.     The United States gave notice in the indictment that upon conviction of any violation of Title 21, United States Code, Sections 846 and 841, the United States will seek to forfeit all property constituting, or derived from, any proceeds obtained, directly or indirectly.[4] The same notice of forfeiture explains that the United States will seek to forfeit all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.[5] An additional notice of forfeiture states that, upon conviction, the United States will seek to forfeit all property involved in the money laundering conspiracy and all property traceable to such property.[6]

13.      The United States subsequently filed two supplements to the Notice of Forfeiture that include and describe with more particularity the property subject to forfeiture.[7] The

---

[1] Indictment at 1-5, *United States v. Javier Garcia*, No. 1:16-cr-00675 (SDTX October 28, 2016) ECF No. 65 [Hereinafter referred to as Indictment].
[2] *Id*. at 1-5.
[3] *Id*. at 6-8.
[4] *Id*. at 7.
[5] *Id*. at 7.
[6] *Id*. at 6.
[7] United States' First Supplement to Notice of Forfeiture in Indictment at 1-3, *United States v. Javier Garcia*, No. 1:16-cr-00675 (SDTX November 1, 2016), ECF No. 68 [Hereinafter referred to as First Supplement]; United States' (Second) Supplemental Notice of Forfeiture at 1-2, *United States v. Javier Garcia,* No. 1:16-cr-00675 (SDTX February 21, 2017), ECF No. 154 [Hereinafter referred to as Second Supplement].

supplements to the criminal notice of forfeiture include the Defendant Properties listed in this civil action.[8]

14. Starting in 2001, Garcia possessed, transported, distributed, and sold controlled substances, namely marijuana and cocaine,[9] for a drug trafficking organization ("DTO") based in Mexico. When the marijuana and cocaine arrived on American soil from Mexico, Garcia possessed, conspired with others, distributed, coordinated, and arranged for the transportation and sale of those controlled substances from the Rio Grande Valley to elsewhere in the United States.[10]

15. After some time, Garcia branched out to operate a separate DTO. Garcia possessed, distributed, and sold, and directed others to possess, distribute, and sell, large amounts of marijuana and cocaine. Garcia, and those under his direction, secreted the controlled substances in tractor trailers[11] and distributed them from the Rio Grande Valley to Houston, Texas; Indiana; Illinois; New Jersey; Florida; and elsewhere in the United States for sale.

16. Similarly, Garcia and those under Garcia's direction secreted large amounts of currency - the currency being payments for controlled substances and proceeds from criminal activity - in tractor trailers. Garcia and those under Garcia's direction transported the large amounts of currency from elsewhere in the United States to the Rio Grande Valley and Mexico.

17. On or about August 10, 2011, the Drug Enforcement Administration seized three loads of controlled substances in three separate cities that originated from Garcia's DTO.[12] This included a seizure of approximately 115 kilograms of cocaine in Edinburg, Texas; approximately 2,120 kilograms of marijuana in Mission, Texas; and approximately 379.6 kilograms of marijuana in or near Dallas, Texas.

---

[8] Indictment at 6-8 (Notices of Forfeiture); First Supplement at 1-3; Second Supplement at 1-2.
[9] Marijuana is a Schedule I controlled substance, and Cocaine is a Schedule II controlled substance.
[10] *Id.* at 1-2 (Count 1).
[11] This complaint uses the phrase "tractor trailer" to mean the tractor and/or the trailer being pulled. This is commonly referred to as an "18-wheeler".
[12] *Id.* at 2-4 (Counts 2-4).

18.     On or about July 13, 2013, Garcia received and possessed approximately 100 kilograms of cocaine from Mexico, which Garcia intended to distribute and sell.[13] Law enforcement agents,[14] however, seized the 100 kilograms of cocaine before Garcia could distribute and sell the controlled substance.

19.     On or about December 18, 2014, law enforcement officers in McAllen, Texas seized approximately 69.7 kilograms of cocaine shipped by and transported under the direction of Garcia.[15]

20.     From the illegal possession, distribution, and sale of controlled substances, Garcia received millions of dollars and amassed a fortune, notably with no legitimate employment history. Garcia purchased, and gave others criminally derived proceeds to purchase, expensive jewelry, clothing, accessories, vehicles, and real property to in whole or in part disguise the nature, the location, the source, the ownership, and/or the control of those proceeds.[16] These properties include, but are not limited to, the Defendant Properties listed in Paragraph 1, Paragraph 2, the notices of forfeiture, and the supplements to the notices of forfeiture.[17]

21.     In response, law enforcement agents with the Drug Enforcement Administration, the Internal Revenue Service, the Department of Homeland Security, and the Hidalgo County Sheriff's Office executed federal search and seizure warrants on or about August 31, 2016 at multiple properties connected to Garcia's criminal activity.

22.     At 353 North Bentsen Palm Drive, law enforcement agents discovered and seized $5,710 in bulk U.S. currency, ledgers, receipts, high value clothing items and accessories, and a

---

[13] *Id.* at 4 (Count 5).
[14] This complaint uses the phrase "agents" to mean and include Special Agents, Officers, Deputies, and those holding similar law enforcement titles.
[15] *Id.* at 4-5 (Count 6).
[16] *Id.* at 5 (Count 7).
[17] *Id.* at 6-8 (Notices of Forfeiture); First Supplement at 1-3; Second Supplement at 1-2.

2015 Volkswagen Beetle Coupe. These properties constitute proceeds from, property involved in or traceable to, and evidence supporting Garcia's criminal activity.

23. At 5710 North Bentson Palm Drive, agents discovered and seized approximately $17,930 in bulk United States currency. Furthermore, agents discovered and seized a money counter, gold coins, tanzanite stones, binoculars, financial documents, multiple cellular phones and the contents thereof, and eighteen (18) firearms. These properties constitute proceeds from, property involved in or traceable to, and evidence supporting Garcia's criminal activity.

24. At 7115 N. Bentsen Palm Drive, agents seized a 2000 Peterbilt Tractor that transported controlled substances. Additionally, agents seized $7,500 in bulk U.S. currency, phones, electronics, and financial documents. These properties constitute proceeds from, property involved in or traceable to, and evidence supporting criminal activity.

25. At 3819 E. Stevenson Avenue, Alton, Texas, agents seized a 2012 Mini Cooper Wagon Countryman, jewelry, valuable clothing, and expensive purses and accessories. During this search, agents located a false wall. Inside was a safe which contained approximately $40,800 in bulk United States currency. These properties constitute proceeds from, property involved in or traceable to, and evidence supporting Garcia's criminal activity.

26. On November 1, 2016, the United States included four real properties in a supplement to the Notice of Forfeiture.[18] The first defendant property is 3819 East Stevenson Avenue, Alton, Texas.[19] Monique Ileen Garcia[20] is the owner of record. Nevertheless, this property was purchased with proceeds from and money involved in Garcia's criminal activity.

27. The remaining three defendant real properties are multiple connected lots upon which a large house and business center are located. The house and business center both outspread

---

[18] Second Supplement at 1-2.
[19] *Id.* at 1-2.
[20] Monique Ileen Garcia was previously married to Garcia.

10

in and between the three lots. These lots are described as follows: 5710 North Bentsen Palm Road, Mission, Texas 78574; North Bentsen Palm Road, Lot 197, Mission, Texas 78574; and North Bentsen Palm Road, Lot 199, Mission, Texas 78574.

28. Garcia is the listed owner of 5710 North Bentsen Palm Road, Mission, Texas 78574. Garcia purchased this property in 2014 during the criminal conspiracy with proceeds of and money involved in criminal activity.

29. Estruberto Flores Jr.[21] is the owner of record of North Bentsen Palm Road, Lot 197 and 199, Mission, Texas 78574. Be that as it may, Estruberto Flores gifted these properties to Garcia. Garcia then used criminal proceeds and money involved in criminal activity to maintain, construct improvements, and make payments for the real property.

30. Most of the above listed properties, real or personal, were held in the names of or by others. Garcia perpetrated this scheme to conceal and disguise the nature, the location, the source, the ownership, and/or the control of the proceeds from his criminal activity.[22]

31. The Drug Enforcement Administration, assisted by the Internal Revenue Service, the Department of Homeland Security, and the Hidalgo County Sheriff's Office, orchestrated a takedown of Garcia's DTO. Unfortunately, Garcia evaded arrest, fled the Rio Grande Valley to Mexico, and remains a wanted fugitive.

*Conclusion*

32. Considering in totality the above-described facts and circumstances, the evidence demonstrates that the Defendant Properties are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), 21 U.S.C. § 881(a)(4), 18 U.S.C. § 981(a)(1)(A), and 18 U.S.C. § 981(a)(1)(C). The Defendant Properties were involved in, constitute, or are derived from proceeds traceable to the

---

[21] Estruberto Flores is Javier Garcia's ex-son-in-law.
[22] Indictment at 5 (Count 7).

sale of narcotics, property used to facilitate a violation of the Controlled Substances Act, and are laundered criminal proceeds from and traceable to racketeering activity. Therefore, the Defendant Properties are subject to forfeiture.

### *Notice to Any Potential Claimants*

33. YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

34. An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 600 E. Harrison St. #101, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 600 E Harrison St. #201, Brownsville, TX 78520.

### *Prayer*

35. Wherefore, the United States of America prays that due process is issued to enforce the forfeiture of the Defendant Property, that due notice be given to all interested persons to appear and show cause why forfeiture of the Defendant Property should not be decreed, that the Defendant Property be condemned as forfeited to the United States to be disposed of according to law, and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

JENNIFER LOWERY
Acting United States Attorney

By: <u>/s/ Rick Blaylock</u>
Rick Blaylock
Assistant United States Attorney
Texas Bar No. 24103294
Federal Bar No. 3544108
600 E. Harrison St., #201
Brownsville, TX 78520
Office: (956) 566-2132
Fax: (956) 548-2711

## *Verification*

I, Stephanie Orr, an agent with the United States Drug Enforcement Administration, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in Paragraphs 11 through 31 of the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on __November 1__, 2021.

_____
Stephanie Orr
Special Agent
United States Drug Enforcement Administration